UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK LEGAL ASSISTANCE GROUP,<br><br>                       Plaintiff,<br><br>                       -v-<br><br>ELISABETH DeVOS, in her official capacity as Secretary of Education, and UNITED STATES DEPARTMENT OF EDUCATION,<br><br>                       Defendants. | 20 Civ. 1414<br><br>**ANSWER** |

       Defendants Elisabeth DeVos, in her official capacity as Secretary of Education, and United States Department of Education (the "Department"), by their attorney, GEOFFREY S. BERMAN, United States Attorney for the Southern District of New York, hereby answer the Complaint of Plaintiff New York Legal Assistance Group ("Plaintiff") upon information and belief as follows:

       1.      The allegations contained in Paragraph 1 of the Complaint constitute a characterization of this action, to which no response is required.  To the extent a response is required, deny the allegations contained therein, except admit that Section 455(h) of the Higher Education Act of 1965, as amended ("HEA"), authorizes the Secretary to specify in regulation which acts or omissions of an institution of higher education a borrower may assert as a defense to repayment of federal student loans.

       2.      Paragraph 2 of the Complaint consists of Plaintiff's characterization of, and arguments relating to, the final rule published by the Department on November 1, 2016, (the "2016 Rule") regarding borrower defenses to the repayment of federal student loans, to which no response is required.  Defendants respectfully refer the Court to the cited rule for its true and complete contents, and deny any allegation inconsistent therewith.

3.      With respect to the first sentence of Paragraph 3 of the Complaint, deny the allegations contained therein, except admit that the Department published a notice, on June 16, 2017, stating that, pursuant to 5 U.S.C. § 705, the Department was delaying the July 1, 2017, effective date of certain provisions of the 2016 Rule; further admit that on October 24, 2017, the Department published an interim final rule delaying the effective date of the 2016 Rule until July 1, 2018; further admit that on October 24, 2017, the Department published a notice of proposed rulemaking seeking comment on a further delay of the effective date of the 2016 Rule until July 1, 2019; further admit that on February 14, 2018, the Department issued a final rule delaying the effective date of the 2016 Rule until July 1, 2019.  Respectfully refer the Court to the relevant notices for their true and complete contents, and deny any allegation inconsistent therewith.  The second sentence of Paragraph 3 consists of Plaintiff's characterization of a decision from the United States District Court for the District of Columbia, to which no response is required.  Respectfully refer the Court to the referenced decision for its true and complete contents, and deny any allegation inconsistent therewith.

4.      Deny the allegations contained in Paragraph 4 of the Complaint, except admit that on June 16, 2017, the Department published a notice of its intent to establish a negotiated rulemaking committee regarding the borrower defense regulations.  Respectfully refer the Court to the referenced notice for its true and complete contents, and deny any allegation inconsistent therewith.

5.      Deny the allegations contained in Paragraph 5 of the Complaint, except admit that on July 31, 2018, the Department published a notice of proposed rulemaking seeking comment on proposed borrower defense regulations.  Respectfully refer the Court to the referenced notice for its true and complete contents, and deny any allegation inconsistent therewith.

6. Paragraph 6 of the Complaint consists of Plaintiff's characterization of decisions from the United States District Court for the District of Columbia, to which no response is required. Respectfully refer the Court to the referenced decisions for their true and complete contents, and deny any allegation inconsistent therewith.

7. Deny the allegations contained in Paragraph 7 of the Complaint, except admit that the Department issued a final rule regarding borrower defenses to the repayment of federal student loans on September 23, 2019 ("2019 Rule"). Respectfully refer the Court to the relevant regulation and notice for their true and complete contents, and deny any allegation inconsistent therewith.

8. Deny the allegations contained in Paragraph 8 of the Complaint, except admit that the Department issued the 2019 Rule on September 23, 2019. Respectfully refer the Court to the relevant regulation and notice for their true and complete contents, and deny any allegation inconsistent therewith.

9. Deny the allegations contained in Paragraph 9 of the Complaint, and respectfully refer the court to the cited regulation for its true and complete contents.

10. Deny the allegations contained in Paragraph 10 of the Complaint, and respectfully refer the court to the cited regulation for its true and complete contents.

11. Deny the allegations contained in Paragraph 11 of the Complaint, and respectfully refer the court to the cited regulation for its true and complete contents.

12. Deny the allegations contained in Paragraph 12 of the Complaint, and respectfully refer the court to the cited regulation for its true and complete contents.

13. Deny the allegations contained in Paragraph 13 of the Complaint, and respectfully refer the court to the cited regulation for its true and complete contents.

14. Deny the allegations contained in Paragraph 14 of the Complaint, and respectfully refer the court to the cited regulation for its true and complete contents.

15. Deny the allegations contained in Paragraph 15 of the Complaint, and respectfully refer the court to the cited regulation for its true and complete contents.

16. Deny the allegations contained in Paragraph 16 of the Complaint.

17. The allegations contained in Paragraph 17 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, deny the allegations in Paragraph 17.

18. The allegations contained in Paragraph 17 of the Complaint consist of legal conclusions and statements of jurisdiction to which no response is required.

19. The allegations contained in Paragraph 18 of the Complaint consist of legal conclusions and statements of jurisdiction to which no response is required.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. The allegations contained in Paragraph 22 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, deny the allegations in Paragraph 22.

23. Admit that the Department of Education is an agency within the executive branch of the United States, and Defendant Elisabeth DeVos is the Secretary of Education. Respectfully refer the Court to the relevant statutes and regulations for a complete and accurate description of the Secretary of Education's roles and responsibilities.

24. Admit that the Department is an agency within the executive branch of the United States. Respectfully refer the Court to the relevant statutes and regulations for a complete and accurate description of the Department's roles and responsibilities.

25. The allegations contained in Paragraph 25 of the Complaint consist of legal conclusions to which no response is required.

26. The allegations contained in Paragraph 26 of the Complaint consist of legal conclusions to which no response is required.

27. The allegations contained in Paragraph 27 of the Complaint consist of legal conclusions to which no response is required.

28. The allegations contained in Paragraph 28 of the Complaint consist of legal conclusions to which no response is required.

29. The allegations contained in Paragraph 29 of the Complaint consist of legal conclusions to which no response is required.

30. The allegations contained in Paragraph 30 of the Complaint consist of legal conclusions to which no response is required.

31. The allegations contained in Paragraph 31 of the Complaint consist of legal conclusions to which no response is required.

32. The allegations contained in Paragraph 32 of the Complaint consist of legal conclusions to which no response is required.

33. Deny the allegations contained in Paragraph 33 of the Complaint and respectfully refer the Court to the relevant statutes and regulations for a complete and accurate description of the Department's roles and responsibilities.

34. In response to Paragraph 34, Defendants respectfully refer the Court to the cited documents for a complete and accurate statement of their contents, and deny any inconsistent statements therewith.

35. In response to Paragraph 35, Defendants respectfully refer the Court to the cited documents for a complete and accurate statement of their contents, and deny any inconsistent statements therewith.

36. In response to Paragraph 36, Defendants respectfully refer the Court to the cited documents for a complete and accurate statement of their contents, and deny any inconsistent statements therewith.

37. In response to Paragraph 37, Defendants respectfully refer the Court to the cited documents for a complete and accurate statement of their contents, and deny any inconsistent statements therewith.

38. In response to Paragraph 38, Defendants respectfully refer the Court to the cited documents for a complete and accurate statement of their contents, and deny any inconsistent statements therewith.

39. In response to Paragraph 39, Defendants respectfully refer the Court to the cited documents for a complete and accurate statement of their contents, and deny any inconsistent statements therewith.

40. In response to Paragraph 40, Defendants respectfully refer the Court to the cited documents for a complete and accurate statement of their contents, and deny any inconsistent statements therewith.

41. In response to Paragraph 41, Defendants respectfully refer the Court to the cited documents for a complete and accurate statement of their contents, and deny any inconsistent statements therewith.

42. Paragraphs 42 through 58 consist of Plaintiff's characterization of, quotes from, and arguments related to the 2016 Rule, the notice of proposed rulemaking preceding the 2016 Rule, the Department's response to comments on the proposed rule, and the result of a court decision relating to part of the 2016 Rule, to which no response is required. Defendants respectfully refer the Court to the cited documents for their true and complete contents, and deny any allegations inconsistent therewith.

43. With respect to the allegations contained in Paragraph 59 of the Complaint, admit that the 2016 Rule provided for a July 1, 2017 effective date; further admit that the Department published a notice, on June 16, 2017, stating that, pursuant to 5 U.S.C. § 705, the Department was delaying the July 1, 2017, effective date of certain provisions of the 2016 Rule; and respectfully refer the court to the cited materials for their true and complete contents, and deny any allegation inconsistent therewith.

44. Paragraph 60 of the Complaint consists of Plaintiff's characterization of a decision from the United States District Court for the District of Columbia, to which no response is required. Defendants respectfully refer the Court to the referenced decision for its true and complete contents, and deny any allegation inconsistent therewith.

45. With respect to Paragraph 61 of the Complaint, admit that on October 24, 2017, the Department published an interim final rule delaying the effective date of the 2016 Rule until July 1, 2018, and respectfully refer the Court to such rule for its true and complete contents, and deny any allegation inconsistent therewith.

46. With respect to Paragraph 62 of the Complaint, admit that on February 14, 2018, the Department issued a final rule delaying the effective date of the 2016 Rule until July 1, 2019, and respectfully refer the Court to such rule for its true and complete contents, and deny any allegation inconsistent therewith.

47. Paragraphs 63 to 68 consist of Plaintiff's characterization of, and arguments relating to, a lawsuit in United States District Court for the District of Columbia, to which no response is required. Defendants respectfully refer the Court to the referenced docket and related decisions for their true and complete contents, and deny any allegation inconsistent therewith.

48. Deny the allegations contained in Paragraph 69 of the Complaint.

49. Deny the allegations contained in Paragraph 70 of the Complaint, except admit that, on June 16, 2017, the Department published a notice of its intent to establish a negotiated rulemaking committee, and respectfully refer the Court to the referenced notice for its true and complete contents, and deny any allegation inconsistent therewith.

50. Paragraphs 71 through 75 consist of Plaintiff's characterization of, quotes from, and arguments relating an unofficial transcript of certain sessions of the negotiated rulemaking committee, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and respectfully refer the Court to the cited document for a true and complete statement of its contents.

51. With respect to Paragraph 76, admit that the negotiated rulemaking committee's sessions ended as scheduled on February 15, 2018 without reaching consensus on proposed regulations.

52. With respect to Paragraph 77, admit that the Department did not reconvene the prior negotiated rulemaking committee or convene a new negotiated rulemaking committee after

issuance of the court decisions cited in this paragraph. The remainder of this paragraph consists of Plaintiff's characterizations of those court decisions and their effect, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and respectfully refer the Court to the cited decisions for a true and complete statement of their content.

53. Paragraphs 78 through 136 consist of a Plaintiff's characterization of, quotes from, and arguments related to the 2019 Rule, the notice of proposed rulemaking preceding the 2019 Rule, the comments on the proposed rule, and the Department's responses to such comments, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained therein, except admit that more than 30,000 comments were submitted in response to the notice of proposed rulemaking preceding the 2019 Rule, further admit that Plaintiff submitted comments, further admit that the 2019 Rule was published on September 23, 2019, and respectfully refer the Court to the cited documents for their true and complete contents.

54. Paragraphs 137 to 152 consist of legal conclusions to which no response is required. To the extent a response is deemed required, deny the allegations contained therein.

55. The Prayer for Relief consist of legal conclusions to which no response is required. To the extent a response is deemed required, deny that Plaintiff is entitled to the relief it seeks or to any relief.

## DEFENSES

Any allegations not specifically admitted or denied are hereby denied. For further and separate answer, the Department alleges as follows:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims and prayer for relief are subject to, and limited by, the Administrative Procedure Act, including any provisions not specifically identified in this Answer.

## THIRD DEFENSE

The Department's decision is not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law and is supported by substantial evidence.

## FOURTH DEFENSE

The Court lacks authority to grant the relief requested.

The Department reserves the right to amend this Answer to assert any other matter that constitutes an affirmative defense under Fed. R. Civ. P. 8(c).

WHEREFORE, Defendants respectfully request that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of the Department and Secretary DeVos; and (3) grant such further relief as the Court deems just and proper.

Dated: New York, New York
      May 21, 2020

                                  Respectfully submitted,

                                  GEOFFREY S. BERMAN
                                  United States Attorney of the
                                  Southern District of New York

By:   _____
        Jennifer C. Simon
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York 10007
        Tel.: (212) 637-2746