MANDATE

21-888-cv
*NYLAG v. Cardona et al.*

1:20-cv-01414-LGS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Feb 26 2024

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of January, two thousand twenty-four.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

---

New York Legal Assistance Group,

> *Plaintiff-Appellant*,

v.  21-888-cv

Miguel A. Cardona, in his official capacity as Secretary of Education, and the United States Department of Education,

> *Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT:   ADAM R. PULVER (Adina H. Rosenbaum, *on the brief*) Public Citizen Litigation Group, Washington, DC.

MANDATE ISSUED ON 02/26/2024

|  | Eileen M. Connor, Project on Predatory Student Lending, Legal Services Center of Harvard Law School, Jamaica Plain, MA, *on the brief*. |
|---|---|
| FOR DEFENDANTS-APPELLEES: | TOMOKO ONOZAWA (Benjamin H. Torrance, *on the brief*), Assistant United States Attorneys, Of Counsel, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is hereby **REMANDED** for further proceedings consistent with this order.

Plaintiff-Appellant New York Legal Assistance Group ("NYLAG") filed this action against Defendants-Appellees Miguel A. Cardona, in his official capacity as Secretary of Education, and the United States Department of Education (collectively, the "Education Department"), asserting that the 2019 final regulations governing borrower defense claims (collectively, the "2019 Rule") procedurally and substantively violated the Administrative Procedure Act (the "APA"), 5 U.S.C. § 702 *et. seq.* The 2019 Rule, which made significant changes to previous regulations finalized by the Education Department in 2016, governs the process by which student borrowers may assert a defense to their repayment obligations for federal student loans. *See* 84 Fed. Reg. at 49,788 (Sept. 23, 2019) (codified at 34 C.F.R. pts. 668, 682, and 685).

The parties cross-moved for summary judgment. The district court granted summary judgment in favor of the Education Department on NYLAG's claim that the promulgation of the 2019 Rule as a whole, as well as certain separate provisions, was arbitrary and capricious. *See N.Y. Legal Assistance Grp. v. DeVos*, 527 F. Supp. 3d 593, 604–09 (S.D.N.Y. 2021). However, the district court granted summary judgment in favor of NYLAG on its challenge to the 2019 Rule's three-year statute of limitations for certain types of defensive claims raised by borrowers in response to debt-collection activity, 34 C.F.R. § 685.206(e)(6), finding that the limitations period was not a logical outgrowth of the notice of proposed rulemaking that preceded it.[1] *N.Y. Legal Assistance Grp.*, 527 F. Supp. 3d at 602–04. The district court also determined that remand to the agency for further proceedings, rather than vacatur of the entire 2019 Rule, was the appropriate remedy for the APA violation. *Id.* at 609. The district court then entered judgment in favor of NYLAG on its claim that the 2019 Rule's statute of limitations on defensive borrower claims was not a logical outgrowth of the proposed rule, entered judgment in favor of the Education Department on all other claims, remanded the matter to the agency "for further proceedings" consistent with its opinion and order, and closed the case.[2] Joint App'x at 11. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

---

[1] The district court thus did not reach whether the statute of limitations provision is arbitrary and capricious. *See N.Y. Legal Assistance Grp.*, 527 F. Supp. 3d at 605 n. 3.

[2] In 2022, subsequent to the district court's decision, the Education Department promulgated a new rule (the "2022 Rule"), which was intended to supersede the 2019 Rule and, *inter alia*, eliminate the statute of limitations for defensive claims. 87 Fed. Reg. 65,904 (Nov. 1, 2022). However, the 2019 Rule remains in effect because the Fifth Circuit granted an emergency motion to enjoin the 2022 Rule pending its review of the denial of a preliminary injunction motion in a lawsuit challenging the 2022 Rule. *See Career Colls. and Schs. of Tex. v. U.S. Dep't of Educ.*, No. 23-50491 (5th Cir. Aug. 7, 2023).

NYLAG appeals the portion of the district court's decision holding that the 2019 Rule, either as a whole or alternatively with respect to certain specific provisions, was not arbitrary and capricious.  It also argues that the district court abused its discretion in remanding without severing and vacating the portion of the rule—namely, the three-year statute of limitations—that it found to be procedurally invalid.

As a threshold matter, the Education Department argues that the appeal should be dismissed for lack of appellate jurisdiction.  More specifically, the Education Department asserts that, because the district court's order remanded the matter to the agency for further proceedings, it was not a final decision that is appealable under 28 U.S.C. § 1291.  *See Perales v. Sullivan*, 948 F.2d 1348, 1353 (2d Cir. 1991) ("A district court's remand to an administrative agency [] keeps a case alive and hence is ordinarily not appealable."); *accord Crocco v. Xerox Corp.*, 137 F.3d 105, 108 (2d Cir. 1998).  NYLAG disagrees and notes that, in determining whether an order is final and appealable, this Court has "eschew[ed] formalism in favor of a pragmatic approach."  *Bey v. City of N.Y.*, 999 F.3d 157, 163 (2d Cir. 2021).  Thus, NYLAG contends that the district court's order is appealable, notwithstanding the remand to the Education Department, because:  "(1) the district court did not direct the agency to reconsider the dispute that gave rise to NYLAG's claims; (2) the district court did not contemplate further proceedings before it; and (3) the current appeal is the only opportunity [for NYLAG] to appeal the district court's order."  Appellant's Reply at 7 (citing, *inter alia*, *Limnia, Inc. v. U. S. Dep't of Energy*, 857 F.3d 379, 386 (D.C. Cir. 2017)).

As set forth below, because the district court did not consider whether it should sever and vacate the statute of limitations provision while keeping the rest of the 2019 Rule intact, and because that determination could impact the jurisdictional issue presented on appeal, we partially

4

remand to the district court to consider the severability issue, while retaining the appeal in accordance with the procedure set out in *United States v. Jacobson,* 15 F.3d 19, 22 (2d Cir. 1994).

First, we agree with NYLAG that there is no indication from the district court's discussion of the remedy, in granting summary judgment on one claim to NYLAG and remanding to the Education Department, that it considered the possibility of severing and vacating the statute of limitations provision, while leaving the rest of the 2019 Rule intact. *See, e.g., United States v. Smith*, 945 F.3d 729, 738 (2d Cir. 2019) ("An invalid part of a statute or regulation may be dropped if what is left is fully operative as a law, absent evidence that the Legislature would not have enacted those provisions which are within its power, independently of that which is not." (internal quotation marks and citation omitted)); *Carlson v. Postal Regul. Comm'n*, 938 F.3d 337, 351 (D.C. Cir. 2019) ("[T]he APA permits a court to sever a rule by setting aside only the offending parts of the rule. Two conditions limit the exercise of this power. First, the court must find that the agency would have adopted the same disposition regarding the unchallenged portion of the regulation if the challenged portion were subtracted. Second, the parts of the regulation that remain must be able to function sensibly without the stricken provision." (alteration adopted) (internal quotation marks and citations omitted)); *see also Bd. of Cnty. Comm'rs of Weld Cnty., Colo. v. Env't Prot. Agency*, 72 F.4th 284, 296 (D.C. Cir. 2023) ("[R]egulations—like statutes—are presumptively severable: If parts of a regulation are invalid and other parts are not, we set aside only the invalid parts unless the remaining ones cannot operate by themselves or unless the agency manifests an intent for the entire package to rise or fall together. This is true for agency rules in general.").

In determining the appropriate remedy for the APA violation, the district court applied the two-factor test set forth by the D.C. Circuit in *Allina Health Servs. v. Sebelius*, 746 F.3d 1102,

1110 (D.C. Cir. 2014) ("*Allina*"), to determine whether vacatur was warranted, namely, focusing on "the [1] seriousness of the action's deficiencies and [2] the likely disruptive consequences of vacatur." *N.Y. Legal Assistance Grp.*, 527 F. Supp. 3d at 609 (alteration adopted) (internal quotation marks and citations omitted). In *Allina*, the D.C. Circuit held that vacatur of a final rule was warranted because "deficient notice is a fundamental flaw that almost always requires vacatur" and "there is no indication that vacatur would lead to disruptive consequences." 746 F.3d at 1110 (internal quotation marks and citations omitted).

It is clear from the district court's application of the *Allina* framework that it considered only whether the unlawful provision warranted vacatur of the entire rule and did not analyze whether the statute of limitations provision was severable under the circumstances. More specifically, the district court found that the first *Allina* factor "weigh[ed] in favor of remand rather than vacatur" because "[a]lthough [NYLAG] allege[d] numerous deficiencies in the 2019 Rule, summary judgment [was] granted only as to the three-year statute of limitations on defensive claims, while the vast majority of the 2019 Rule remain[ed] untouched." 527 F. Supp. 3d at 609. This analysis is limited to the 2019 Rule as a whole and does not reflect any consideration of the possibility of severability and, in that context, the court's corresponding ability to separately consider the seriousness of the violation as it relates exclusively to the 2019 Rule's statute of limitations on defense claims. Similarly, with respect to the second factor, the district court articulated its sole concern that, "although vacatur of the 2019 Rule would simply mark a return to the 2016 Rule, there would be some degree of disruption to students asserting borrower defenses under the rule currently in place." *Id*. It is clear from the brief discussion that the district court did not consider severing and vacating the statute of limitations provision on defensive claims,

6

because such a remedy would have no degree of disruption to students asserting borrower defenses, as it would simply eliminate an obstacle to the assertion of such defenses.  In other words, the district court focused exclusively on the disruption to students that vacatur of the entire 2019 Rule would cause, rather than considering what disruption would occur if only the statute of limitations provision were vacated.  In short, in taking an all-or-nothing approach, the district court failed to also consider, in its discretion, the potential remedy of severing and vacating only the statute of limitations provision for defensive claims.

Crucially, the district court's consideration of the severability remedy could impact the jurisdictional issue presented on this appeal.  For example, if the district court decides to sever and vacate only the procedurally defective statute of limitations provision and amends its judgment accordingly, with no remand, the Education Department did not suggest at oral argument, nor is there any authority to support the suggestion, that such a judgment would lack finality for purposes of establishing appellate jurisdiction given that it would "conclusively determine[] the pending claims of all the parties to the litigation." *Mead v. Reliastar Life Ins. Co.*, 768 F.3d 102, 109 (2d Cir. 2014) (internal quotation marks and citation omitted); *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) ("[A] decision is ordinarily considered final and appealable under § 1291 only if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (internal quotation marks and citation omitted)).[3]  Although we have never

---

[3] The Education Department argues that the district court appropriately remanded the matter to the agency in its discretion.  However, at oral argument, the Education Department did not articulate any limitation on its rulemaking authority (or any other negative consequences to the rulemaking process) that would result from the absence of any remand language in this case, nor is it apparent why a remand would be necessary at this juncture given that the 2022 Rule eliminating the statute of limitations provision has already been promulgated.  In any event, we leave that assessment in the first instance to the discretion of the district court.

addressed this precise issue, some of our sister circuits have grappled with determining when a district court's vacatur of an agency action, even with a remand, could constitute an appealable final order.  For instance, at oral argument the government referenced the Ninth Circuit's rule on partial remands in support of its view that this Court lacks jurisdiction.  However, in a recent decision, a two-judge concurrence suggested that the Ninth Circuit should reconsider *en banc* its rule on this issue, because its rule places unwarranted restrictions in certain circumstances on district court orders invalidating and then remanding agency actions:

> Agency actions take many forms, and a one-size-fits-all approach to the finality of remands-with-vacatur may not necessarily be appropriate.  But at least for agency actions similar to the one here, remand-with-vacatur operates as a final judgment.  A remand-with-vacatur resolves the parties' core dispute; compels the agency to take or refrain from taking a certain action; and can inflict serious, sometimes irreparable consequences, even if agency policy is subject to future change.  Sections 1291 and 1292 thus grant us appellate jurisdiction to review remands-with-vacatur.  [Our prior] holding to the contrary should be reconsidered.

*Ctr. for Biological Diversity v. Bureau of Land Mgmt.*, 69 F.4th 588, 601 (9th Cir. 2023) (Friedland, *J.* and Bennett, *J.*, concurring); *see also Limnia,* 857 F.3d at 385–86 (holding that district court's order granting voluntary remand of the action to Department of Energy constituted a final, appealable order subject to appellate review); *but see Vista Health Plan, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 31 F.4th 946, 951–52 (5th Cir. 2022) (dismissing appeal for lack of jurisdiction where the district court granted summary judgment to the U.S. Department of Health and Human Services on eight of nine claims, and remanded the remaining claim).  However, we need not address the jurisdictional implications of these various scenarios until the district court has considered on remand the full range of remedial options potentially available to it and explains its decision for the particular option it chooses.

In sum, "[i]n the interests of judicial economy and orderly resolution of this matter, we find prudent a limited remand" under *Jacobson* to allow the district court to further consider the appropriate remedy, within the full scope of its authority and discretion under the APA, with respect to the 2019 Rule's invalidated statute of limitations provision. *Florez v. Cent. Intel. Agency*, 829 F.3d 178, 189 (2d Cir. 2016) (remanding to district court to "reconsider its prior conclusion in light of" additional disclosures and submissions it deemed appropriate). Accordingly, we remand partial jurisdiction to provide the district court with an opportunity in the first instance to determine whether the portion of the 2019 Rule that it found procedurally invalid, namely, the statute of limitations provision for defensive claims, should be severed from the 2019 Rule and vacated and, if so, whether such a vacatur should be with or without a remand. If the district court determines that a new remedy is warranted, it may amend the judgment accordingly.

\*     \*     \*

For the reasons set forth above, the case is hereby **REMANDED** for further proceedings consistent with this order. Within fourteen days of the conclusion of the proceedings before the district court, either party may restore the matter to the active docket of this Court by letter, without filing a new notice of appeal. In the event that either party seeks further action from this Court, the matter will be referred to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

9