UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEW YORK LEGAL ASSISTANCE
GROUP,

Plaintiff,

v.

MIGUEL A. CARDONA, in his official
capacity as Secretary of Education, and
UNITED STATES DEPARTMENT OF
EDUCATION,

Defendants.

No. 20 Civ. 1414 (LGS)

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND
JUDGMENT TO SEVER AND VACATE**

Eileen M. Connor
Project on Predatory Student Lending
769 Centre Street, Suite 166
Jamaica Plain, MA 02130
(617) 390-2669
econnor@ppsl.org

Adam R. Pulver
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-7790
apulver@citizen.org

*Counsel for Plaintiff*

March 15, 2024

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION .............................................................................................................1

BACKGROUND ...............................................................................................................2

    I.     The 2019 Rule.........................................................................................................2

    II.    Proceedings before this Court................................................................................3

    III.   Proceedings on appeal...........................................................................................4

ARGUMENT.....................................................................................................................7

    I.     The defensive statute of limitations is severable ..................................................7

    II.    The Court should vacate the defensive statute of limitations ........................................8

        A.  Section 706(2) of the APA authorizes this Court's partial vacatur. ........................8

        B.   ED's logical outgrowth violation is sufficiently serious to warrant vacatur. .......10

        C.  There is no risk of disruption from vacatur.  .........................................................11

    III.   Vacatur should be without remand.  .............................................................................11

CONCLUSION..................................................................................................................12

## TABLE OF AUTHORITIES

**CASES**                                                                 **PAGES**

*Allina Health Services v. Sebelius*,
  746 F.3d 1102 (D.C. Cir. 2014)..................................................................................8, 10

*Board of County Commissioners of Weld County v. EPA*,
  72 F.4th 284 (D.C. Cir. 2023) ......................................................................... 6, 7

*Career Colleges & Schools of Texas v. U.S. Department of Education*,
  No. 23-50491 (5th Cir. Aug. 7, 2023) ............................................................. 6

*Chamber of Commerce of the U.S. v. SEC*,
  443 F.3d 890 (D.C. Cir. 2006) ....................................................................... 10

*Chemical Manufacturers Ass'n v. EPA*,
  28 F.3d 1259 (D.C. Cir. 1994) ....................................................................... 12

*City Club of New York. v. U.S. Army Corps of Engineers*,
  246 F. Supp. 3d 860 (S.D.N.Y. 2017)............................................................ 9

*In re Coudert Brothers LLP*,
  809 F.3d 94 (2d Cir. 2015)............................................................................. 9

*Council Tree Communications, Inc. v. FCC*,
  619 F.3d 235 (3d Cir. 2010)............................................................................10

*Crown Cork & Seal Co. v. NLRB*,
  36 F.3d 1130 (D.C. Cir. 1994) ...................................................................... 12

*CSX Transportation, Inc. v. Surface Transportation Board*,
  584 F.3d 1076 (D.C. Cir. 2009) .................................................................... 10

*Daimler Trucks North America LLC v. EPA*,
  737 F.3d 95 (D.C. Cir. 2013) ........................................................................ 10

*Guertin v. United States*,
  743 F.3d 382 (2d Cir. 2014)........................................................................... 10

*In re Johns-Manville Corp.*,
  600 F.3d 135 (2d Cir. 2010)............................................................................ 9

*In re Long-Distance Telephone Service Federal Excise Tax Refund Litigation*,
  751 F.3d 629 (D.C. Cir. 2014) ........................................................................ 5

*New York v. NHTSA*,
   974 F.3d 87 (2d Cir. 2020) ..................................................................... 10, 11

*New York v. U.S. Department of Health & Human Services*,
   414 F. Supp. 3d 475 (S.D.N.Y. 2019) ...........................................................10

*New York Legal Assistance Group v. Cardona*,
   No. 21-888-cv, 2024 WL 64220 (2d Cir. Jan. 5, 2024) .......................................*passim*

*New York Legal Assistance Group v. DeVos*,
   527 F. Supp. 3d 593 (S.D.N.Y. 2021) ................................................ *passim*

*NLRB v. Maine Coast Regional Health Facilities*,
   999 F.3d 1 (1st Cir. 2021) ...................................................................... 12

*NRDC v. EPA*,
   961 F.3d 160 (2d Cir. 2020) ..................................................................... 10

*NRDC v. NHTSA*,
   894 F.3d 95 (2d Cir. 2018) ..................................................................... 10, 12

*Puricelli v. Argentina*,
   797 F.3d 213 (2d Cir. 2015) ..................................................................... 9

*Sierra Club v. FERC*,
   867 F.3d 1357 (D.C. Cir. 2017) ................................................................. 7

*Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*,
   985 F.3d 1032 (D.C. Cir. 2021) ................................................................ 11

*Time Warner Cable Inc. v. FCC*,
   729 F.3d 137 (2d Cir. 2013) ..................................................................... 10, 12

*Truck Trailer Manufacturers Ass'n v. EPA*,
   17 F.4th 1198 (D.C. Cir. 2021) ................................................................. 7

*United States v. Smith*,
   945 F.3d 729 (2d Cir. 2019) ..................................................................... 6

*United States v. Swartz Family Trust*,
   67 F.4th 505 (2d Cir. 2023) ..................................................................... 9

**FEDERAL STATUTES & REGULATIONS**

**Statutes**

Administrative Procedure Act:

5 U.S.C. § 553(b)(3)................................................................................................................3

5 U.S.C. § 706(2) ...................................................................................................................3

5 U.S.C. § 706(2)(D)..............................................................................................................8

20 U.S.C. § 1087e(h)...........................................................................................................2, 3

28 U.S.C. § 1291....................................................................................................................5

**Regulations and Administrative Materials**

34 C.F.R. § 685.206(e)(6) (2019)...........................................................................................3

34 C.F.R. § 685.222(c) (2016) ...............................................................................................3

34 C.F.R. § 685.222 (d) (2016)..............................................................................................3

34 C.F.R. § 685.223 ...............................................................................................................7

Department of Education (ED), Final regulations, Institutional Eligibility Under the Higher
    Education Act of 1965, as Amended; Student Assistance General Provisions; Federal Perkins
    Loan Program; Federal Family Education Loan Program; and William D. Ford Federal Direct
    Loan Program,
    87 Fed. Reg. 65,904 (Nov. 1, 2022)...................................................................................5

ED, Notice of proposed rulemaking, Student Assistance General Provisions, Federal Perkins
    Loan Program, Federal Family Education Loan Program, and William D. Ford Federal Direct
    Loan Program,
    87 Fed. Reg. 41,878 (July 13, 2022)..................................................................................5

ED, Final Rule, Student Assistance General Provisions, Federal Family Education Loan
    Program, and William D. Ford Federal Direct Loan Program,
    84 Fed. Reg. 49,788 (Sept. 23, 2019) .............................................................................3, 7

**INTRODUCTION**

In 2020, plaintiff New York Legal Assistance Group (NYLAG) brought this action against the Secretary of the Department of Education and Department (collectively, ED) to challenge several aspects of a rule issued in 2019 concerning borrower defenses to repayment of federal student loans. On March 17, 2021, this Court granted summary judgment to NYLAG on its claim that the rule's statute of limitations on defensive claims was not a logical outgrowth of the rulemaking process and granted summary judgment to ED on all other claims. The Court then entered judgment on all claims and "remanded to ED for further proceedings consistent with this Court's Opinion and Order; accordingly, this case is closed." ECF 76. NYLAG appealed.

In January, the Second Circuit issued a remand to this Court limited to the issue of remedy. In its Order, the Second Circuit approved of this Court's application of the D.C. Circuit's two-factor test to determine whether unlawful agency action should be vacated. The court of appeals concluded, however, that the Court erred in applying that test to the question of vacatur of the Defendant's 2019 Borrower Defense Rule as a whole, and it directed this Court to answer the narrow question "whether the portion of the 2019 Rule … found procedurally invalid [by this Court in 2021], namely, the statute of limitations provision for defensive claims, should be severed from the 2019 Rule and vacated and, if so, whether such a vacatur should be with or without a remand." *N.Y. Legal Assistance Grp. v. Cardona*, No. 21-888-cv, 2024 WL 64220, at \*4 (2d Cir. Jan. 5, 2024).

In light of the guidance contained in the Second Circuit's Order and relevant precedent, the Court should sever and vacate the defensive statute of limitations provision, which remains in effect nearly three years after the Court found it unlawful, without remand. There is no serious dispute that the provision is severable from the rest of the 2019 Rule. Severability is a question of

agency intent, and, in promulgating the 2019 Rule, ED explicitly stated that it intended that any provision or application of the rule deemed unlawful be severed. In addition, the remainder of the 2019 Rule can function independently of the defensive statute of limitations.

Moreover, under the two-factor standard that this Court, the Second Circuit, and the parties have all previously agreed governs, vacatur of the unlawful provision is appropriate. Vacatur is the presumptive remedy for violations of notice-and-comment procedure such as that found by this Court. And vacatur of the provision would not have disruptive consequences to anyone.

Finally, vacatur should be without remand because remand would be pointless. As the Second Circuit observed in its order, there is no "limitation on [Defendants'] rulemaking authority (or any other negative consequences to the rulemaking process) that would result from the absence of any remand language in this case, nor is it apparent why a remand would be necessary at this juncture." 2024 WL 64220, at *3 n.3. Further, as the Second Circuit explained, *id*. at *3, amending the Court's judgment to vacate the defensive statute of limitations without remand would eliminate any questions as to that Court's ability to review this Court's 2021 order.

## BACKGROUND

### I.       The 2019 Rule

Pursuant to 20 U.S.C. § 1087e(h), ED has repeatedly adopted regulations specifying "which acts or omissions of an institution of higher education a borrower may assert as a defense to repayment of a loan made under" Title IV of the Higher Education Act, and how such defenses can be asserted. *See N.Y. Legal Assistance Grp. v. DeVos*, 527 F. Supp. 3d 593, 598–99 (S.D.N.Y. 2021) (*NYLAG I*) (summarizing regulatory history). Relevant to this briefing, the 2016 regulations in effect prior to the rule at issue in this case "provided a six-year limitations period for borrowers to file affirmative claims, in which a borrower asserts that payment is not owed, and their loan is

2

not yet in collection proceedings." *Id.* at 603 (citing 34 C.F.R. § 685.222(c), (d) (2016)). "The 2016 Rule contains no statute of limitations on defensive claims," which, unlike affirmative claims, "are those raised as part of a collection proceeding." *Id.*

On September 23, 2019, ED issued a new rule revising the borrower defense regulations. *See* Final Rule, Student Assistance General Provisions, Federal Family Education Loan Program, and William D. Ford Federal Direct Loan Program, 84 Fed. Reg. 49,788 (Sept. 23, 2019). Among other things, "[t]he 2019 Rule added a three-year statute of limitations for defensive claims." *NYLAG I*, 527 F. Supp. 3d 593, 603 (citing 34 C.F.R. § 685.206(e)(6)) (2019)).

## II.     Proceedings before this Court

NYLAG is a nonprofit organization that, among other things, provides advice and assistance to student borrowers asserting defenses to repayment pursuant to 20 U.S.C. § 1087e(h). *See* ECF 1, ¶ 21 (Complaint); ECF 42 (Stevens Decl.). On February 19, 2020, NYLAG commenced this action pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 706(2), alleging four causes of action and requesting vacatur of the 2019 Rule. As relevant here, the third cause of action alleged that the inclusion of a statute of limitations for defensive claims was not a logical outgrowth of ED's proposed rule and thus constituted a violation of the APA's notice-and-comment requirements, 5 U.S.C. § 553(b)(3). *Id.* ¶¶ 145–47. As a remedy, NYLAG sought vacatur of the 2019 Rule. *Id.* at 43; *see also id.* at ¶ 17.

The parties filed cross-motions for summary judgment. ECF 38; ECF 66. As to remedy, the parties agreed that the appropriate standard for whether "a court may decline to vacate agency action" found unlawful was "the D.C. Circuit's approach, which entails balancing the seriousness of the action's deficiencies against the disruptive consequences of a vacatur." ECF 67 (Defs. Mem.

in Supp. of Summ. J.) at 41 (citations omitted); *see* ECF 70 (Pls. Mem. in Opp. to Defs. Mot. for Summ. J.) at 15–16.

On March 17, 2021, the Court resolved the pending motions, granting summary judgment to NYLAG "on its claim that the 2019 Rule's statute of limitations on defensive claims is not a logical outgrowth of the rulemaking process," and granting summary judgment to ED on all other claims. *NYLAG I*, 527 F. Supp. 3d at 609. As to the defensive statute of limitations, the Court explained that the agency's notice of proposed rulemaking "explicitly stated that a three-year statute of limitations on defensive claims was not under consideration and implied that such a rule would be unfair." *Id.* at 604. Accordingly, "[t]he addition of that same limitations period to the 2019 Rule thus 'deviates too sharply from the proposed rule, depriving the public of the opportunity to participate meaningfully in the APA-required notice and comment rulemaking process." *Id.* (citation omitted).

As to remedy, the Court, applying the D.C. Circuit standard urged by the parties, considered "the (1) seriousness of the action's deficiencies and (2) the likely disruptive consequences of vacatur." *NYLAG I*, 527 F. Supp. 3d at 609 (cleaned up). The Court decided that vacatur was not justified because "the vast majority of the 2019 Rule remains untouched" and vacatur of the 2019 rule in its entirety would cause "some degree of disruption to students asserting borrower defenses" under that Rule. *Id.* The Court subsequently entered a judgment on all claims, "remanded to ED for further proceedings consistent with this Court's Opinion and Order," and closed the case. ECF 76.

III.    **Proceedings on appeal**

NYLAG appealed to the Second Circuit. ECF 78 (Notice of Appeal). In its opening brief, NYLAG argued that this Court should have considered the possibility of severance and vacatur of

the defensive statute of limitations and that partial vacatur was appropriate under the D.C. Circuit's

two-factor standard. Appellant Br. at 62–66, No. 21-888 (2d Cir. July 21, 2021), Dkt. No. 36. In

ED's responsive brief, ED agreed that the two-factor standard governed the question whether

vacatur was appropriate but argued that, under that standard, this Court correctly declined to vacate

any portion of the 2019 Rule. Appellees Br. at 49–51, No. 21-888 (2d Cir. Oct. 20, 2021), Dkt.

No. 114. In addition, ED argued that, although this Court had entered judgment as to all claims,

the Second Circuit lacked appellate jurisdiction to review the judgment under 28 U.S.C. § 1291,

in light of the language regarding remand contained in the Court's order. *Id.* at 16–20.[1] In

connection with that argument, ED asserted, for the first time, that then-ongoing proceedings to

revisit the 2019 Rule in its entirety constituted proceedings on remand from this Court and that

NYLAG could "seek judicial review" after those proceedings were completed. *Id.* at 19–20.

Briefing before the Second Circuit was completed in November 2021. In July 2022, ED

issued a proposed rule that would, if finalized, largely rescind and replace the 2019 Rule. *See* ED,

Notice of proposed rulemaking, Student Assistance General Provisions, Federal Perkins Loan

Program, Federal Family Education Loan Program, and William D. Ford Federal Direct Loan

Program. 87 Fed. Reg. 41,878 (July 13, 2022). At the parties' joint request, the Second Circuit

then placed the appeal in abeyance. On November 1, 2022, ED issued a final rule that would, if

effective, supersede the 2019 Rule and, among other things, eliminate the statute of limitations for

defensive claims. *See* ED, Final regulations, Institutional Eligibility Under the Higher Education

---

[1] NYLAG disagreed, citing case law from the D.C. Circuit and other courts of appeals finding appellate jurisdiction in similar circumstances, recognizing that "treating the district court's remand order as unappealable would effectively preclude plaintiffs from ever challenging the district court's decisions." Ex. 1 at 6 (quoting *In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 751 F.3d 629, 633 (D.C. Cir. 2014) and collecting cases); *see also* Ex. 3 at 3–13 (Reply Br.)

Act of 1965, as Amended; Student Assistance General Provisions; Federal Perkins Loan Program; Federal Family Education Loan Program; and William D. Ford Federal Direct Loan Program, 87 Fed. Reg. 65,904 (Nov. 1, 2022). The parties then stipulated to dismissal of the appeal without prejudice to reinstatement, pursuant to Second Circuit Rule 42.1. In August 2023, however, the Fifth Circuit issued an injunction against the 2022 Rule. *See Career Colls. & Schs. of Tex. v. U.S. Dep't of Educ.*, No. 23-50491 (5th Cir. Aug. 7, 2023). NYLAG thus reinstated its appeal, and the Second Circuit held oral argument in December 2023.

On January 5, 2024, the Second Circuit ordered a limited remand to this Court, without resolving the question of appellate jurisdiction. Second Circuit Order, 2024 WL 64220. Rather, citing case law from the Second Circuit and D.C. Circuit reflecting a presumption of severability, the court of appeals held that this Court had erred when it "considered only whether the unlawful provision warranted vacatur of the entire rule and did not analyze whether the statute of limitations provision was severable under the circumstances." *Id*. at *2–3 (citing, among others, *United States v. Smith*, 945 F.3d 729, 738 (2d Cir. 2019), and *Bd. of Cty. Comm'rs of Weld Cnty. v. EPA*, 72 F.4th 284, 296 (D.C. Cir. 2023)). The Second Circuit concluded that this Court's "consideration of the severability remedy could impact the jurisdictional issue presented on this appeal" because a decision by this Court "to sever and vacate only the procedurally defective statute of limitations provision and amend[] its judgment accordingly, with no remand," would eliminate any concerns about appellate jurisdiction. *Id*. at *3. The court therefore "remand[ed] partial jurisdiction" to this Court "to determine whether the portion of the 2019 Rule that it found procedurally invalid, namely, the statute of limitations provision for defensive claims, should be severed from the 2019 Rule and vacated and, if so, whether such a vacatur should be with or without a remand." *Id*. at *4.

6

**ARGUMENT**

As contemplated by the Second Circuit's Order, the Court should "sever and vacate only the procedurally defective statute of limitations provision and amend[] its judgment accordingly, with no remand." *Id.* at *3.

**I.      The defensive statute of limitations is severable.**

"[R]egulations—like statutes—are presumptively severable." *Weld Cnty.*, 72 F.4th at 296, *quoted in* Second Circuit Order, 2024 WL 64220, at *2. That presumption is overcome only if the parts of a rule that would remain after severance of any invalid part "cannot operate by themselves" or if "the agency manifests an intent for the entire package to rise or fall together." *Id.* "The driving factor in severability analysis is agency intent. Courts should only decline to sever regulations if 'there is substantial doubt that the agency would have adopted the same disposition regarding the unchallenged portion if the challenged portion were subtracted.'" *Truck Trailer Mfrs.' Ass'n v. EPA*, 17 F.4th 1198, 1222 (D.C. Cir. 2021) (internal citation omitted; quoting *Sierra Club v. FERC*, 867 F.3d 1357, 1366 (D.C. Cir. 2017)).

No such doubt exists here. The statute of limitations for defensive claims is not necessary for any other part of the 2019 Rule to function. And ED expressly stated in promulgating the 2019 Rule that it did *not* intend for the entire 2019 Rule to rise or fall together, providing for the severability of "any provision of subparts B or C in part 685" (which include the statute of limitations provision) that might be "held invalid by a court." 84 Fed. Reg. at 49,789; *see also* 34 C.F.R. § 685.223 ("If any provision of this subpart or its application to any person, act, or practice is held invalid, the remainder of the subpart or the application of its provisions to any person, act, or practice shall not be affected thereby.").

**II.    The Court should vacate the defensive statute of limitations.**

Consistent with the arguments of both parties in their summary judgment briefing, this Court in its 2021 order applied a two-factor test derived from the D.C. Circuit's decision in *Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1110 (D.C. Cir. 2014), to determine whether vacatur was warranted. Under that test, the Court considered "the [1] seriousness of the action's deficiencies and [2] the likely disruptive consequences of vacatur." *NYLAG I*, 527 F. Supp. 3d at 609. The Second Circuit endorsed this standard and indicated this Court, applying it again on remand, should "separately consider the seriousness of the violation as it relates exclusively to the 2019 Rule's statute of limitations on defense claims" and "what disruption would occur if only the statute of limitations provision were vacated." Second Circuit Order, 2024 WL 64220, at *3.

**A.  Section 706(2) of the APA authorizes this Court's partial vacatur.**

The APA directs a reviewing court to "set aside agency action, findings, and conclusions found to be… without observance of procedure required by law." 5 U.S.C. § 706(2)(D). ED has indicated, however, that it now intends to argue to this Court, for the first time in this case, that the APA does not authorize vacatur. ED's new argument is both too late and wrong, as shown by Circuit precedent.

Although NYLAG has sought vacatur since it filed this case more than four years ago, ED has never taken the position that vacatur is not an available remedy under the APA. Rather, it repeatedly argued that the D.C. Circuit's two-factor standard should be used to determine whether vacatur is appropriate. *See* ECF 67 (Defs.' Mem. in Supp. of Summ. J.) at 41; Appellees Br., 2d Cir. Dkt. No. 114 at 49–51. The prior orders of both this Court and the Second Circuit adopted that position. ED's newly adopted position that, contrary to its earlier argument, vacatur is *never* authorized as a remedy under the APA is thus precluded under principles of both forfeiture and

8

judicial estoppel. *See United States v. Swartz Family Trust*, 67 F.4th 505, 519 (2d Cir. 2023) (holding that judicial estoppel "applies if 1) a party's later position is clearly inconsistent with its earlier position; 2) the party's former position has been adopted in some way by the court in the earlier proceeding; and 3) the party asserting the two positions would derive an unfair advantage against the party seeking estoppel" (citation omitted))*; see also In re Johns-Manville Corp.*, 600 F.3d 135, 147 (2d Cir. 2010) (holding that arguments raised for the first time on remand from Supreme Court have been forfeited).

In addition, consideration of ED's new argument is barred by the mandate rule. "Where a mandate directs a district court to conduct specific proceedings and decide certain questions, generally the district court must conduct those proceedings and decide those questions." *Puricelli v. Argentina*, 797 F.3d 213, 218 (2d Cir. 2015). In so doing, "[t]he district court must follow both the specific dictates of the remand order as well as the broader spirit of the mandate." *In re Coudert Bros. LLP*, 809 F.3d 94, 99 (2d Cir. 2015) (cleaned up). And "if the disposition of an issue is 'necessarily implied' by [a Second Circuit] decision, a mandate may also foreclose such an issue from being considered by the lower court." *Id.* Here, by indicating that this Court should apply the two-factor *Allina* test to the question of partial vacatur, 2024 WL 64220, at \*3, the Second Circuit necessarily implied that this Court has statutory authority to vacate the invalid portion of the Rule if that test is satisfied. Indeed, there otherwise would have been no point to the Second Circuit's limited remand. And the Second Circuit had good reason to think that the parties were in agreement on this point, because ED had conceded it. *See* Appellees Br., 2d Cir. Dkt. No. 114 at 49–51.

Furthermore, Second Circuit precedent requires the rejection of any argument that vacatur is not within this Court's authority. The Second Circuit follows a "general rule that vacatur is the appropriate remedy when 'an agency violates its obligations under the APA.'" *City Club of N.Y.*

*v. U.S. Army Corps of Eng'rs*, 246 F. Supp. 3d 860, 872 (S.D.N.Y. 2017) (quoting *Guertin v. United States*, 743 F.3d 382, 388 (2d Cir. 2014)); *see also, e.g., NRDC v. EPA*, 961 F.3d 160, 181 (2d Cir. 2020) (severing and vacating part of challenged rule); *New York v. NHTSA*, 974 F.3d 87, 94 (2d Cir. 2020) (vacating rule); *NRDC v. NHTSA*, 894 F.3d 95, 116 (2d Cir. 2018) (vacating rule for failure to comply with notice-and-comment requirements); *Time Warner Cable Inc. v. FCC*, 729 F.3d 137, 170 (2d Cir. 2013) (severing and vacating part of order for failure to comply with notice-and-comment requirements); *see also New York v. U.S. Dep't of Health & Hum. Servs.*, 414 F. Supp. 3d 475, 575–76 (S.D.N.Y. 2019) (collecting cases and rejecting contrary argument). Such a practice is consistent with the plain language of the APA.

**B. ED's logical outgrowth violation is sufficiently serious to warrant vacatur.**

As to the first *Allina* factor, the seriousness of the violation, *Allina* itself provides the answer. In that case, upholding the district court's vacatur of a rule where an agency's final rule was not a logical outgrowth of its proposed rule, the D.C. Circuit held that "deficient notice is a fundamental flaw that almost always requires vacatur." *Allina*, 746 F.3d at 1110 (quotation omitted). This holding is consistent with the Second Circuit's decision in *Time Warner Cable*, where that court ordered vacatur after finding a logical outgrowth violation. *See* 729 F.3d at 170–71. It is also consistent with dozens of other decisions finding that logical outgrowth violations warranted vacatur. *See, e.g.*, *Daimler Trucks N. Am. LLC v. EPA*, 737 F.3d 95, 103 (D.C. Cir. 2013); *Council Tree Commc'ns, Inc. v. FCC*, 619 F.3d 235, 258 (3d Cir. 2010); *CSX Transp., Inc. v. Surface Transp. Bd.*, 584 F.3d 1076, 1083 (D.C. Cir. 2009); *Chamber of Commerce of U.S. v. SEC*, 443 F.3d 890, 9090 (D.C. Cir. 2006).

In a case involving procedural violations, "the vacatur inquiry asks not whether the ultimate action could be justified, but whether the agency could, with further explanation, justify its

decision to skip that procedural step." *Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*, 985 F.3d 1032, 1052 (D.C. Cir. 2021). Here, ED "explicitly stated that a three-year statute of limitations on defensive claims was not under consideration and implied that such a rule would be unfair." *NYLAG I*, 527 F. Supp. 3d at 603. In issuing a rule that contradicted that explicit statement, ED disregarded the "fundamental procedural prerequisite" of notice and an opportunity to comment on the agency's proposal. *Standing Rock Sioux Tribe*, 985 F.3d at 1052. There is nothing ED could do now to justify its decision to skip that procedural step when it promulgated the very provision that it had disavowed, without providing the public an opportunity to comment.

### C.  There is no risk of disruption from vacatur.

As to the second factor, vacatur of the defensive statute of limitations would cause no disruption to borrowers or anyone else. As the Second Circuit stated, vacatur in this case "would have no degree of disruption to students asserting borrower defenses, as it would simply eliminate an obstacle to the assertion of such defenses." 2024 WL 64220, at *3. Moreover, vacatur would eliminate any confusion resulting from the continuing presence of a limitation on relief that this Court declared unlawful nearly three years ago.

*          *          *

Because both of the *Allina* factors weigh in favor of vacatur, the Court should vacate the 2019 Rule's statute of limitations on defensive claims.

### III.     Vacatur should be without remand.

Although vacatur of agency actions is often accompanied by a remand, there is no requirement that a court remand. Thus, the Second Circuit has frequently vacated rules without simultaneously remanding to the agency, *see, e.g.*, *New York v. NHTSA*, 974 F.3d at 100, including in cases where the underlying violation was a failure to comply with notice and comment

11

requirements, *see, e.g.*, *NRDC v. NHTSA*, 894 F.3d at 115–16; *Time Warner Cable*, 729 F.3d at 171.

Vacatur without remand is justified where "a remand would be pointless." *NLRB v. Maine Coast Reg'l Health Facilities*, 999 F.3d 1, 17–18 (1st Cir. 2021); *see also Chem. Mfrs. Ass'n v. EPA*, 28 F.3d 1259, 1268 (D.C. Cir. 1994); *Crown Cork & Seal Co. v. NLRB*, 36 F.3d 1130, 1142 (D.C. Cir. 1994). As the Second Circuit suggested in its Order, that is the case here. ED has not indicated that it would like to reinstate the unlawful defensive statute of limitations; to the contrary, it eliminated that provision in the now-enjoined 2022 Rule. Accordingly, there is no reason "why a remand would be necessary at this juncture." Second Circuit Order, 2024 WL 64220, at *3 n.3. And even if ED *did* want to re-promulgate the defensive statute of limitations provision, there is no "limitation on [ED's] rulemaking authority (or any other negative consequences to the rulemaking process) that would result from the absence of any remand language in this case." *Id.*[2] The only function of including the word "remand" in any judgment would be to leave open the question of appellate jurisdiction that the Second Circuit's limited remand sought to eliminate. Given the Court's "equitable discretion" in crafting a remedy, *NYLAG I*, 527 F. Supp. 3d at 609, it should avoid including in its judgment a term that would serve no other purpose than frustrating appellate review.

## CONCLUSION

For the foregoing reasons, the Court should sever and vacate the defensive statute of limitations provision of the 2019 Rule, without remand.

---

[2] To the extent ED has any concern, NYLAG does not oppose the Court's use of the same language used by the Second Circuit in *Time Warner Cable*: vacating the defensive statute of limitations "without prejudice to the agency's re-promulgating it consistent with the APA." 729 F.3d at 171.

Dated: March 15, 2024

Respectfully submitted,

/s/ Adam R. Pulver
Adam R. Pulver
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
apulver@citizen.org

Eileen M. Connor
PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street, Suite 166
Jamaica Plain, MA 02130
(617) 390-2669
econnor@ppsl.org

*Counsel for Plaintiff*