21-888-cv
*NYLAG v. McMahon*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/20/2026_

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of May, two thousand twenty-six.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

---

NEW YORK LEGAL ASSISTANCE GROUP,

*Plaintiff-Appellant*,

v.                                          21-888-cv

LINDA E. MCMAHON, in her official capacity as Secretary of Education, and the UNITED STATES DEPARTMENT OF EDUCATION,

*Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:

ADAM R. PULVER (Adina H. Rosenbaum, *on the brief*), Public Citizen Litigation Group, Washington, District of Columbia.

EILEEN M. CONNOR, Project on Predatory Student Lending, Legal Services Center of Harvard Law School, Jamaica Plain, Massachusetts, *on the brief*.

CERTIFIED COPY ISSUED ON 05/20/2026

FOR DEFENDANTS-APPELLEES:  TOMOKO ONOZAWA (Benjamin H. Torrance, *on the brief*), Assistant United States Attorneys, of Counsel, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, New York.

Appeal from an amended judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**, the amended judgment of the district court, entered on March 20, 2025, is **VACATED**, and the case is **REMANDED** with instructions to dismiss the case as moot.

Plaintiff-Appellant New York Legal Assistance Group ("NYLAG") commenced this action against Defendants-Appellees Miguel A. Cardona, in his official capacity as Secretary of Education, and the United States Department of Education (collectively, the "Education Department") on February 19, 2020, challenging the 2019 final regulations governing borrower-defense claims (collectively, the "2019 Rule") as procedurally and substantively in violation of the Administrative Procedure Act (the "APA"), 5 U.S.C. § 702 *et seq*. The 2019 Rule overhauled the borrower-defense framework established by the Education Department in 2016 and set forth the standards and procedures under which borrowers of federal student loans may seek relief from or assert defenses to their repayment obligations. *See* Student Assistance General Provisions, Federal Family Education Loan Program, and William D. Ford Federal Direct Loan Program, 84 Fed. Reg. 49,788 (Sep. 23, 2019) (codified at 34 C.F.R. pts. 668, 682, 685). We assume the parties'

familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

On cross-motions for summary judgment, the district court largely upheld the 2019 Rule and granted summary judgment in favor of the Education Department with respect to NYLAG's contention that the 2019 Rule, in whole or in part, was arbitrary and capricious. *See N.Y. Legal Assistance Grp. v. DeVos*, 527 F. Supp. 3d 593, 604–09 (S.D.N.Y. 2021). At the same time, the district court invalidated the Rule's three-year limitations period for certain defensive borrower claims raised in debt-collection proceedings, 34 C.F.R. § 685.206(e)(6), concluding that the provision was not a logical outgrowth of the proposed rule and thereby violated the APA. *N.Y. Legal Assistance Grp.*, 527 F. Supp. 3d at 602–04. The district court determined that remand, rather than vacatur of the entire 2019 Rule, was the appropriate remedy for the APA violation. *Id.* at 609. Therefore, the district court entered judgment for NYLAG on the limitations claim and for the Education Department on all others, remanded the matter to the agency for further proceedings consistent with its opinion and order, and closed the case. *Id.* In April 2021, NYLAG filed a notice of appeal from the judgment.

In early 2024, following oral argument, this Court partially remanded the matter so that the district court could consider whether it should sever and vacate the limitations provision while keeping the remainder of the 2019 Rule in place. *See N.Y. Legal Assistance Grp. v. Cardona*, No. 21-888-CV, 2024 WL 64220, at *2 (2d Cir. Jan. 5, 2024). On March 20, 2025, the district court entered an amended judgment, severing and vacating the limitations provision.[1] *N.Y. Legal*

---

[1] Prior to this judgment and while NYLAG's appeal was pending, in November 2022, the Education Department issued a rule that revised and would make final the substantive portions of the 2019 Rule upheld

*Assistance Grp. v. Cardona*, No. 20 CIV. 1414, 2025 WL 871371 (S.D.N.Y. Mar. 20, 2025).  This

Court then reinstated the appeal and requested supplemental briefing on the amended judgment's

effect.

Months later, on July 4, 2025—after the district court's amended judgment was filed and

while the case was pending for appeal—Congress enacted the One Big Beautiful Bill Act, Pub. L.

No. 119-21, 139 Stat. 72 (the "Act").  Section 85001 of the Act provides that, for all loans first

originating before July 1, 2035, the 2022 Rule, which eliminated the limitations provision, "shall

not be in effect" as of July 4, 2025.  139 Stat. at 355–56; *see also supra* n.1.  Moreover, Section

85001(b) "restored and revived" the version of the 2019 Rule that went into effect on July 1, 2020:

> (b) EFFECT.—Beginning on the date of enactment of this section, with respect to
> loans that first originate before July 1, 2035, any regulations relating to borrower
> defense to repayment that took effect on July 1, 2020, are restored and revived as
> such regulations were in effect on such date.

139 Stat. at 355–56.  Thus, the Act restored the 2019 Rule, as it was on July 1, 2020, including the

three-year limitation period that the district court severed and vacated.

In its supplemental briefing regarding the impact of the district court's amended judgment,

the government argued that events subsequent to the issuance of that judgment—*i.e.*, the revival

and restoration of the 2019 Rule by Congress—mooted the appeal because "there is no longer a

---

by the district court and also eliminate the limitations period for defensive claims.  *See* 87 Fed. Reg. 65,904
(Nov. 1, 2022) (the "2022 Rule").  The 2022 Rule applied to borrower-defense applications that had been
received on or after July 1, 2023, or that were pending with the Education Department as of July 1, 2023.
*Id.* at 65,904.  The Fifth Circuit preliminarily enjoined implementation of the 2022 Rule, and the Supreme
Court granted in part the government's petition for a writ of certiorari.  *See generally Dep't of Educ. v.
Career Colls. & Schs. of Tex.*, 145 S. Ct. 1039 (2025). At the parties' request, following the government's
representation that an intervening statute impacted the issues in that case, the Supreme Court dismissed the
writ of certiorari.  *See generally Dep't of Educ. v. Career Colls. & Sch. of Tex.*, 146 S. Ct. 59 (2025).

live controversy as to whether that rule is arbitrary and capricious under the APA."  Appellees' Sep. 25, 2025, Suppl. Br. at 6.  We agree.

"On appeal from a grant of summary judgment involving a claim brought under the [APA], we review the administrative record *de novo* without according deference to the decision of the district court."  *Karpova v. Snow*, 497 F.3d 262, 267 (2d Cir. 2007).  Under the APA, a reviewing court must "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A); *see also Guertin v. United States*, 743 F.3d 382, 385 (2d Cir. 2014).  Such review, however, is constrained by the limits of Article III jurisdiction.  Indeed, "Article III of the Constitution grants the Judicial Branch authority to adjudicate 'Cases' and 'Controversies'" only. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013).  To satisfy that requirement, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997) (internal quotation marks and citation omitted).  "A case becomes moot . . . when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome," *Already*, 568 U.S. at 91 (internal quotation marks and citation omitted), making it "impossible for a court to grant any effectual relief whatever to the prevailing party," *Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 109 (2d Cir. 2016) (internal quotation marks and citation omitted).

On appeal, NYLAG challenges the 2019 Rule as an arbitrary and capricious agency action and seeks vacatur of the 2019 Rule in its entirety under Section 706 of the APA.  However, Section 706 authorizes courts to review agency action—*i.e.*, "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof"—not statutes themselves.  *See* 5 U.S.C.

§ 551(13) (defining "agency action" for purposes of Section 706).  To be sure, the statute delineates the standards by which a court evaluates such "agency actions," including those found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, 5 U.S.C. § 706(2)(A), but the statutory interpretation authorized under Section 706 serves only to evaluate whether "agency action, findings, and conclusions" are "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."  *Id.* § 706(2)(C).  Nowhere does Section 706 suggest that judicial review extends to direct challenges of a statute's validity.  *Accord, e.g.*, *Env't Def. Fund v. Marsh*, 651 F.2d 983, 1003 (5th Cir. 1981) ("[T]he APA does not apply to actions of Congress.").  As the 2019 Rule is now a part of a codified statute, it is beyond the scope of our judicial review under the APA, and we therefore conclude that this appeal is moot.[2]

We further conclude that vacatur of the amended judgment is warranted.  "[W]hen a case is mooted on appeal, the appellate court is not automatically compelled to simply dismiss the appeal:  it retains jurisdiction to vacate the district court's judgment and remand with direction to dismiss as moot."  *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 121 (2d Cir. 2001).  Moreover, "'[t]he established practice . . . in the federal system . . . is to reverse or vacate the judgment below and remand with a direction to dismiss,'" *Arizonans for Off. Eng.*, 520 U.S. at 71 (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)), in order "to prevent a judgment, unreviewable because of mootness, from spawning any legal

---

[2]  Although NYLAG contends that the Act did not ratify or codify the 2019 Rule, but rather merely undid the 2022 Rule's amendments and returned to the status quo of the 2019 Rule, including live challenges to the 2019 Rule under the APA, we are unpersuaded.  In particular, by restoring the 2019 Rule as it was in effect on July 1, 2020, Congress demonstrated an intent to ratify or codify the 2019 Rule as it existed before any legal challenges, which would include the district court's partial vacatur of the 2019 Rule.  In other words, by implementing and restoring the 2019 Rule through the Act, Congress immunized the 2019 Rule from a challenge by NYLAG of the 2019 Rule as arbitrary and capricious under the APA.

consequences," *Munsingwear*, 340 U.S. at 41. "[T]he decision whether to vacate turns on the conditions and circumstances of the particular case." *Azar v. Garza*, 584 U.S. 726, 729 (2018) (internal quotation marks omitted). Thus, vacatur is warranted when a review of a judgment is "prevented through happenstance," such as "where a controversy presented for review has become moot due to circumstances unattributable to any of the parties." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 22–23 (1994) (internal quotation marks and citations omitted); *see also Camreta v. Greene*, 563 U.S. 692, 713 (2011) ("When happenstance prevents . . . review from occurring, the normal rule should apply: Vacatur then rightly strips the decision below of its binding effect, and clears the path for future relitigation.") (internal quotation marks and citations omitted).

Here, NYLAG's claims were mooted by circumstances beyond the control of any of the parties, namely, an act of Congress that "restored and revived" the version of the 2019 Rule "that took effect" before the district court entered its amended judgment. 139 Stat. at 355–56. Moreover, as the Education Department notes, the equities support vacatur of the judgment because it is otherwise subject to two conflicting obligations: (1) an amended judgment that requires it to not apply a limitations period to borrowers' defensive claims; and (2) a statute that requires it to apply a three-year limitations period to the same claims. Therefore, we conclude that vacatur of the amended judgment is warranted.

\*　　　　\*　　　　\*

For the foregoing reasons, the appeal is **DISMISSED,** the district court's amended judgment is **VACATED,** and the case is **REMANDED** to the district court with instructions to **DISMISS** the case as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

8